UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD E. CARLSON, ET AL.,

       Plaintiffs,

v.                                        Case No.  8:05-cv-1380-T-24 TGW

FEDEX GROUND PACKAGE
SYSTEM, INC.,

       Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Rehearing or

Reconsideration.  (Doc. No. 166).  As explained below, the motion is denied.

## I.  Background

Defendant previously filed a motion for summary judgment, and the Court granted the

motion in part and deferred ruling in part.  The instant motion asks for reconsideration of two

aspects of the Court's order: (1) the Court's determination that Pennsylvania's four-year

limitations period applies, and (2) the Court's failure to recognize certain aspects of Harting's

breach of contract claim.  Accordingly, the Court will address each issue.

## II.  Limitations Period

Plaintiffs argue that this Court erred in determining that Pennsylvania's four-year

limitations period applies to their breach of contract claim.  In this Court's summary judgment

order, this Court recognized that Plaintiffs' Operating Agreements ("OA's") contained a choice

of law provision designating that Pennsylvania law applies.  Additionally, the Court cited

Western Group Nurseries, Inc. v. Ergas, 211 F. Supp.2d 1362, 1366 (S.D. Fla. Feb. 4, 2002), and

stated that when dealing with a contractual choice of law provision in a diversity case brought in Florida, Florida courts consider the statute of limitations to be controlled by such a provision.

Plaintiffs argue that this Court's reliance on Ergas is misplaced, because the Ergas court cites to two Florida Supreme Court cases—Fulton County Administrator v. Sullivan, 753 So. 2d 549 (Fla. 1999), and Merkle v. Robinson, 737 So. 2d 540 (Fla. 1999)—to support its conclusion that in Florida, a statute of limitations is considered substantive in nature.  Plaintiffs contend that the Ergas court erred, because neither Florida Supreme Court case makes such a statement.  This Court, however, directs Plaintiffs to take a closer reading of the Fulton and Merkle cases.

In Fulton, the Florida Supreme Court stated that it had previously determined "that statutes of limitations are to be treated as substantive law."  Fulton, 753 So. 2d at 553.  Likewise, in Merkle, the Florida Supreme Court noted that whether a statute of limitation should be classified as procedural or substantive is a distinction without a difference and that "the rejection of that distinction results in treating statute of limitation choice of law questions the same as 'substantive' choice of law questions."  Merkle, 737 So. 2d at 542.  Thus, this Court concluded that the choice of law provision set forth in Plaintiffs' OA's designating Pennsylvania law controlled the statute of limitations.

Next, Plaintiffs argue that even if Pennsylvania law applies, Pennsylvania would apply the significant relationships test and apply Florida's statute of limitations.  This argument is completely circular.  Plaintiffs argue that if the choice of law provision in Plaintiffs' OA's designates that Pennsylvania law applies, then the Court should apply Pennsylvania's ***choice of law rules and apply the significant relationships test to determine which state's statute of limitations applies***.  Because the choice of law provision in Plaintiffs' OA's  designates that

2

Pennsylvania law applies, the choice of law inquiry stops there, and this Court applies

Pennsylvania's four-year limitations period to Plaintiffs' breach of contract claim.

**III.  Breach of Contract**

Next, Plaintiffs argue that this Court erred by failing to recognize certain aspects of

Harting's breach of contract claim. Specifically, Plaintiffs state that the Court failed to address:

(1) Harting's contention that Defendant insisted that it approve not only the replacement

contractor, but also the replacement driver, and that Defendant took an unreasonable and

unnecessary amount of time to do so; and (2) Harting's contention that Defendant's manager,

Rob Brady, took away her proprietary interest in her primary service area ("PSA") by stating that

she had no right to sell her PSA as it was not hers to sell.  However, as explained below, these

two aspects of Harting's breach of contract claim are not cognizable breaches.

Harting contends that Defendant breached her OA by insisting that it approve not only

the replacement contractor, but also the replacement driver, and that Defendant took an

unreasonable and unnecessary amount of time to do so.  However, these allegations are not a

breach of any specific provision of her OA.  For example, Section 15 of her OA specifically

provides that Harting can assign her OA to a replacement contractor as long as the replacement

contractor is acceptable to Defendant as being qualified to provide the services under the OA.  In

order to be qualified to provide the services under the OA, the replacement contractor must

either be the driver or have a driver, and Section 2.2 of the OA provides that if a contractor

employs a driver, the driver must be qualified under Defendant's Safe Driving Program

Standards.  Given Sections 15 and 2.2 of Harting's OA, it does not appear that Defendant could

have breached her OA by insisting that it approve not only the replacement contractor, but also

the replacement driver.  Furthermore, there is no time period set forth in the OA regarding

Defendant's approval process, and as such, it is unclear how the amount of time that Defendant

took to approve of such people could be a breach of the OA.

     Next, Harting contends that Defendant breached her OA when Defendant's manager, Rob

Brady, stated that she had no right to sell her PSA as it was not hers to sell.  Harting contends

that in essence, Brady took away her proprietary interest in her PSA by limiting her ability to sell

it.

     As factual support for these allegations, Harting cites to her deposition testimony,

wherein she states that Brady told her that she had no right to sell "the Hudson route."  (Doc. No.

144, Ex. D, p. 56-57).  However, Harting does not cite to evidence in the record that the Hudson

route was part of her PSA.  Without such evidence, there can be no breach of her OA.[1]

**IV.  Conclusion**

     Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Rehearing or

Reconsideration (Doc. No. 166) is **DENIED**.

     **DONE AND ORDERED** at Tampa, Florida, this 16th day of July, 2013.


Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

---

[1]Additionally, the Court notes that Harting stated in her deposition that she traded her
Hudson route for Largo.  (Doc. No. 144, Ex. D, p. 57).

4