UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD E. CARLSON, ET AL.,

    Plaintiffs,

v.    Case No. 8:05-cv-1380-T-24 TGW

FEDEX GROUND PACKAGE
SYSTEM, INC.,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion for Attorneys' Fees. (Doc. No. 184). Plaintiff opposes the motion (Doc. No. 189), and Defendant has filed a reply brief (Doc. No. 199). As explained below, the motion is granted.

## **I. Background**

This case was originally filed on June 28, 2005 regarding the business relationship between Defendant FedEx Ground Package Systems, Inc. and its drivers.[1] The case was transferred to multi-district litigation ("MDL") on October 25, 2005. The MDL court resolved five of Plaintiffs' claims and then remanded this case back to this Court to consider two remaining claims: (1) false information negligently provided (Count III) and (2) breach of contract (Count IV).

Defendant moved for summary judgment on the two remaining claims. Prior to this Court ruling on the summary judgment motion, Plaintiffs Donald Carlson, Charles House, and

---

[1] Plaintiff David Mosher was a named plaintiff in a related case (8:05-cv-1751-T-27-EAJ) filed on September 19, 2005. However, Mosher was added to this case while this case was pending in MDL.

Stephen Renberg settled their remaining claims against Defendant. The Court granted Defendant's motion for summary judgment as to Plaintiffs Sheree Harting, Troy Upman, and David Mosher's claims, except to the extent that the Court allowed Upman to pursue his claim that Defendant breached Section 2.2 of his Operating Agreement by failing to approve of his wife as a driver for two years. Thereafter, Upman settled his claim against Defendant.

On October 7, 2013, this Court entered judgment in this case. Thereafter, Defendant filed the instant motion. On October 25, 2013, Plaintiffs filed a notice of appeal.

## II. Motion for Attorneys' Fees

On May 1, 2013, Defendant served offers of judgment, pursuant to Florida Statute § 768.79, to Harting and Mosher, in which Defendant offered to settle their breach of contract and false information claims. (Doc. No. 189-1, 189-2). Defendant offered Harting $20,000 to settle both claims, and if accepted, Defendant would stipulate to a partial final judgment as to those claims. (Doc. No. 189-1). Defendant offered Mosher $2,500 to settle both claims, and if accepted, Defendant would stipulate to a partial final judgment as to those claims. (Doc. No. 189-2). Neither Mosher nor Harting accepted their offer, and as such, Defendant now seeks attorneys' fees of $29,338.44 from Harting and $21,111.25 from Mosher for fees incurred after May 1, 2013 with respect to their false information claims.[2]

Plaintiffs oppose the motion, arguing: (1) § 768.79 is inapplicable; (2) Defendant did not

---

[2]Defendant does not seek attorneys' fees related to their breach of contract claims, because Harting and Mosher's contracts provided that Pennsylvania substantive law applied to those claims, and Florida's offer of judgment rule cannot be applied to recoup attorneys' fees relating to non-Florida claims. See Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 82 (Fla. 2012)(stating that "when parties have agreed to be bound by the substantive law of another jurisdiction, section 768.79 simply does not apply").

2

make the offers in good faith; (3) the offers are defective; (4) the amounts sought are excessive; and (5) an attorneys' fees determination should be stayed pending appeal.  Accordingly, the Court will address each argument.

### A.  Applicability of Section 768.79

Plaintiffs first argue that § 768.79 is entirely inapplicable, because the Court concluded that Pennsylvania law applied to Harting and Mosher's breach of contract claims due to a choice of law provision in their contracts.  While Plaintiffs are correct that § 768.79 cannot be applied to recoup attorneys' fees relating to non-Florida claims, Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So. 3d 73, 82 (Fla. 2012), Plaintiffs have not shown that § 768.79 is inapplicable to their false information claims brought under Florida law.

Harting and Mosher's contracts contained a choice of law provision that stated: "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania."  (Doc. No. 132-7, p. 42; Doc. No. 132-4, p. 33).  As such, Pennsylvania law applied to their breach of contract claims.  However, Florida law applied to their false information claims, and as such, Plaintiffs have not shown that § 768.79 does not apply with respect to their Florida false information claim.  Therefore, the Court rejects Plaintiffs' argument on this issue.

### B.  Good Faith

Next, Plaintiffs argue that Defendant did not make the offers in good faith.  In support of this contention, Plaintiffs point out that Defendant is #70 on the Fortune 100 list, Plaintiffs' expert valued Harting and Mosher's claims at $416,700, and Defendant only offered them $22,500 ($20,000 to Harting and $2,500 to Mosher) to settle their claims.  The Court rejects

Plaintiffs' argument.

Plaintiffs' argument implies that the wealthier a defendant is, the larger a defendant's offer must be; the Court is not persuaded by this.  Second, Plaintiffs' expert's valuation is of little value, as the Court struck his opinion under Daubert, concluding that "(1) his damages opinions bear no relationship to Plaintiffs' claims, and (2) his opinions are based on incorrect methods." (Doc. No. 172, p. 14-15).  Finally, and most importantly, Defendant made its offers after discovery was completed and its summary judgment motion was pending—at that time, it was abundantly clear that Harting and Mosher's false information claims were seriously lacking merit.

### C.  Validity of the Offers

Next, Plaintiffs argue that the offers are defective as a matter of law, because they do not meet the particularity requirement of Florida Rule of Civil Procedure 1.442.  The Florida Supreme Court has stated the following regarding the particularity requirement of Rule 1.442 with respect to offers of judgment:

> "The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipient can fully evaluate its terms and conditions.  Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation.  Proposals for settlement are intended to end judicial labor, not create more."  We recognize that . .. it may be impossible to eliminate all ambiguity.  The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.  If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement

State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (2006)(citation omitted).

Plaintiffs contends that two parts of the offers are ambiguous.  First, Plaintiffs contend

that the following provision is ambiguous: "If this Proposal is accepted, [Defendant] will stipulate to the entry of a partial final judgment (as to Counts III and IV only)." (Doc. No. 189-1, 189-2). Plaintiffs contend that this provision is ambiguous, arguing: "No terms of the proposed partial final judgment are indicated. There is no indication as to which party the contemplated judgment will be entered against nor does it indicate which portions of Counts III and IV will remain unresolved." (Doc. No. 189). This argument is disingenuous—clearly the judgment will be entered against Defendant as to Counts III and IV in their entirety (it is a partial judgment because it does not address Plaintiffs' other five claims that were resolved during MDL).

Next, Plaintiffs contend that the offer is ambiguous because Defendant is attempting to settle their breach of contract claims that are governed by Pennsylvania law. However, Plaintiffs do not cite any case law holding that an offer cannot be contingent on the settling of a claim that cannot support an award of attorneys' fees under Florida's offer of judgment statute. Stated differently, Plaintiffs have not shown that because Defendant cannot recoup attorneys' fees relating to the breach of contract claim, Defendant cannot make its offer contingent on the settling of that claim. Accordingly, the Court rejects Plaintiffs' arguments that the offers are defective as a matter of law.

### D.  Reasonableness of Fees Sought

Next, Plaintiffs argue that the amounts sought are excessive. Plaintiffs, however, fail to point to specific hourly rates or specific time entries in making their argument. Instead, they make three broad statements.

First, Plaintiffs contend that Mosher should not be required to pay for any attorneys' fees

incurred after this Court's July 3, 2013 order granting summary judgment on his false information claim. However, the only fees sought by Defendant against Mosher after the Court's July 3, 2013 order were in relation to obtaining the entry of final judgment, pursuing an award of costs, and establishing entitlement to attorneys' fees.

Second, Plaintiffs contend that Harting's false information claim was narrowed by the Court after its July 3, 2013 summary judgment order.[3] As such, Plaintiffs contend that "Harting's responsibility [for attorneys' fees] should be further reduced." (Doc. No. 189, p. 7). Plaintiffs, however, fail to specify how much it should be reduced and/or challenge specific time entries. The Court is not willing to do this work for Plaintiffs.

Third, Plaintiffs make the blanket assertion that Defendant spent too much money defending this case, and as such, they should not be required to pay these fees, which would cause them an undue hardship. Again, Plaintiffs fail to specify how much the award should be reduced and/or challenge specific time entries or hourly rates.

### E. Stay Pending Appeal

Finally, Plaintiffs argue that an attorneys' fees determination should be stayed pending appeal. Plaintiffs state "an issuance of a stay . . . will promote efficiency and avoid potential waste of resources." (Doc. No. 189, p. 9). It is unclear how a stay will promote efficiency or avoid a potential waste of resources. The Court is not persuaded by this argument and is not inclined to stay the determination of attorneys' fees.

---

[3] In the July 3, 2013 order, the Court deferred ruling on part of Defendant's summary judgment motion. The Court later held a hearing and then issued a second summary judgment order.

**F.  Calculation of Fees**

The Florida Supreme Court has adopted the federal lodestar approach for determining reasonable attorneys' fees.  See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985).  Under the federal lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303 (citation omitted).

The Court has reviewed the hourly rates and billing entries that make up Defendant's request for attorneys' fees.  The Court finds that the hourly rates are reasonable, and that the amount of time expended is reasonable.  Accordingly, the Court will award the requested fees.  Below is a summary of the fees sought against Harting and Mosher for work done after May 1, 2013 in relation to their false information claims (Doc. No. 184-2):

| Category of Work | Amount Attributable to Harting | Amount Attributable to Mosher |
|---|---|---|
| Fees incurred after the offers were made until the Court's July 3, 2013 (first) summary judgment order | $15,640.78 | $16,071.78 |
| Fees incurred after the first summary judgment order until the July 19, 2013 (second) summary judgment order | $8,658.20 | $ 0 |
| Fees incurred seeking the entry of a final judgment | $397.38 | $397.38 |
| Fees incurred relating to entitlement to attorneys' fees and for an award of costs | $4,642.08 | $4,642.08 |
| TOTAL | $29,338.44 | $21,111.24 |

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion for Attorneys' Fees (Doc. No. 184) is **GRANTED**.

(2)     Defendant is awarded attorneys' fees of $29,338.44 from Harting and $21,111.24 from Mosher.

(3)     If Defendant wants an amended judgment that reflects this fee award, it should submit a stipulated proposed amended judgment.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of January, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record