**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| DONALD E. CARLSON, et al., | : | Case No.: 8:05-cv-1380-T-24-TGW |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER AND JUDGMENT GRANTING**
**FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AWARD OF**
**ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE AWARDS**

This matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Settlement (Doc. No. 276) and Plaintiffs' Unopposed Motion to Approve Attorneys' Fees, Costs, and Service Awards (Doc. No. 271). The Court held a hearing on July 15, 2016 to consider final approval of the proposed Settlement reached by and between Plaintiffs Donald Carlson, Sheree Harting, Charles House, David R. Mosher, Stephen Renberg, and Troy Upman (collectively, the "Plaintiffs"), on behalf of themselves and the Certified Class, and Defendant FedEx Ground Package System, Inc. ("FXG"), the terms of which Settlement are set forth in the Class Action Settlement Agreement (the "Settlement Agreement") attached as Exhibit 1 to Document Number 277. This Court has reviewed and considered all documents, evidence, and the arguments presented in support of or against the Settlement. Good cause appearing therefore, this Court hereby grants final approval of the Settlement, grants both motions, and enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Unless otherwise stated herein, all capitalized terms contained in this Order and Judgment shall have the same meaning and effect as stated in the Settlement Agreement (in addition to any capitalized terms defined herein).

2. This Court hereby approves the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate and hereby directs the Parties to perform, or cause to be performed, the remaining terms of the Settlement as set forth in the Settlement Agreement. The Court authorizes the payment by the Settlement Administrator, of Valid Claims approved by the Settlement Administrator, in accordance with the terms of the Settlement Agreement.

3. This Court hereby dismisses with prejudice this action, specifically including the Released Claims, with each party to bear its own costs and attorney's fees, except as provided in Paragraph 9 below.

4. Upon the entry of this Final Approval Order, Plaintiffs and all Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Releasees. As set forth in the Settlement Agreement, which is incorporated by reference herein, the "Released Claims," as to Plaintiffs and all Class Members means all claims, actions, causes of action, administrative claims, demands, debts, damages, penalties, costs, interest, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, except as specifically provided below, which: (i) are owned or held by Plaintiff and Class Members and/or by their affiliated business entities (if any), or any of them, as against Releasees, or any of them; and (ii) arise under any statutory or common law claim which was asserted in Plaintiffs' operative Complaint or, whether or not asserted, which could have been asserted in this action arising out

of the factual allegations set forth in the operative complaint and that are related to, or arise from, the employment classification of the Class and/or the payment of overtime.

5.      Upon the entry of this Final Approval Order, Plaintiffs and all Class Members (as identified in Exhibit A hereto) are barred and enjoined from asserting, filing, maintaining, or prosecuting, or in any way participating in the assertion, filing, maintenance or prosecution, of any action asserting any Released Claim against any of the Releasees, as set forth in and in accordance with the terms of the Settlement Agreement. Nothing herein shall in any way impair or restrict the right of the Parties to enforce the terms of the Settlement.

6.      This Court finds that the administration of the Settlement Notice was performed in accordance with the Preliminary Approval Order entered by this Court on January 13, 2016 (Doc. No. 268), and that such notice was reasonable, constituted the most practicable notice under the circumstances, and complied with the requirements of the Federal Rules of Civil Procedure and due process.

7.      This Court finds that the administration of the notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, was performed in accordance with the Preliminary Approval Order entered by this Court on January 13, 2016 (Doc. No. 268) and with the requirements of CAFA.

8.      There have been no objections made to this Settlement or Plaintiffs' Counsel's fee and expense request.

9.      This Court hereby approves the attorneys' fees requested by Class Counsel in the amount of $3,900,000 and directs payment from the Class Settlement Fund of that amount to

Class Counsel, in accordance with the terms of the Settlement Agreement. The Court also approves the post-remand expenses in the amount of $121,433.23.[1]

10. The Court hereby approves the Incentive Award of $15,000 each to Donald Carlson, Sheree Harting, Charles House, David R. Mosher, Stephen Renberg, and Troy Upman and directs payment of that amount from the Class Settlement Fund to them, in accordance with the terms of the Settlement Agreement.

11. The settlement distribution shall be as follows: the net Settlement fund of $8,882,742 shall be distributed *pro-rata* among all of the Class Members who submitted valid claims, with each Class Member receiving credit for each full-time week (35 hours or more per week), and additionally being eligible for a partial payment for each part-time week (16 hours or more but less than 35 hours per week). All of the weeks shall be counted up, and each class member shall receive his or her proportional share of the Settlement Fund, with every Class Member receiving at least $500.

12. Plaintiff has requested appointment of The Florida Chapter of the Ronald McDonald House Charities as the *cy pres* beneficiary. The Court hereby approves this request and The Florida Chapter of the Ronald McDonald House Charities is designated the *cy pres* beneficiary for receipt of undistributed funds, as provided under the Agreement and this Order.

13. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of any Releasee; (b) an admission or concession by Plaintiffs or any Class Member of any infirmity in the claims asserted in any complaint or amended complaint filed in this action; (c) an

---

[1] There were expenses of $127,258, but because of a positive balance of $5,825.50 remaining in the plaintiffs' litigation fund, they are only seeking reimbursement of $121,433.23. (Doc. No. 280, fn 1).

admission of, or evidence of, any fault or omission of any of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of the Settlement; and (b) the Parties, their counsel, and the Settlement Administrator, for the sole purpose of construing, enforcing, and administering the Settlement and this Order and Judgment.

15. There is no reason for delay in the entry of this Judgment. The Clerk of this Court is hereby directed to immediately enter this Judgment.

16. The Court dismisses this case with prejudice and directs the Clerk to close this case.

IT IS SO ORDERED, this the 15th day of July, 2016.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record